```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
HUDSON HERITAGE FEDERAL CREDIT      :
UNION,                              :
                Plaintiff,          :       OPINION AND ORDER
                                    :
v.                                  :       17 CV 2930 (VB)
                                    :
CUMIS INSURANCE SOCIETY, INC., d/b/a :
CUNA MUTUAL GROUP,                  :
                Defendant.          :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff Hudson Heritage Federal Credit Union ("HHFCU"), brings this diversity action for breach of contract, declaratory judgment, and negligence against defendant CUMIS Insurance Society, Inc. d/b/a CUNA Mutual Group ("CUMIS").

Now pending is CUMIS's motion to dismiss the amended complaint pursuant to Rule 12(b)(6). (Doc. #16).

For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## BACKGROUND

For purposes of ruling on a motion to dismiss, the Court accepts all factual allegations of the complaint as true, and draws all reasonable inferences in plaintiff's favor, as summarized below.

HHFCU alleges for over 75 years, it has had "an extensive and comprehensive business relationship" with CUMIS, an insurance company. (Am. Compl. ¶¶ 121-22).

1

In May 2016, HHFCU entered into a fidelity bond contract (the "bond") with CUMIS. The bond "represented the renewal of an annual prepaid policy that is and was continuous until canceled." (Am. Compl. ¶ 8).

Among other things, the bond provides that CUMIS would "pay [HHFCU] for [its] loss resulting directly from the 'forgery' or alteration of an 'instrument.'" (Def.'s Br. Ex. A at 35).[1] "Instrument" is defined as:

> <u>original</u>: mortgage, "<u>document of title</u>," deed, contract for deed, deed of trust, promissory note, "security agreement," money order, certificate of deposit, "certificated securities," bond coupon, interim receipt for a security, assignment of mortgage, check, draft, share draft, bill of exchange, "withdrawal order," "letter of credit," "acceptance," passbook held as collateral, or "certificate of origin or title."

<u>Id</u>. at 49 (emphasis added).

HHFCU alleges between April and July 2016, it was the victim of three separate fraudulent schemes related to loans for the purchase of three automobiles. In each instance, a member of HHFCU applied for a loan to purchase an automobile using a falsified New York State Department of Motor Vehicles ("DMV") title, which misrepresented the owner/seller of the automobile to be purchased with the loaned funds.

HHFCU learned of these fraudulent schemes when each of the underlying loans "went into default." (Am. Compl. ¶¶ 28, 46, 65).

HHFCU alleges it suffered losses of $134,879 as a result of these fraudulent schemes.

On July 22, 2016, HHFCU submitted a claim to CUMIS related to the losses it incurred as a result of two of the three fraudulent schemes. It subsequently supplemented the claim once it discovered the third fraudulent scheme.

---

[1] Citations to the bond refer to the page numbers stamped by the Court's electronic filing system at the top of the page. (Doc. #17-1).

On October 13, 2016, CUMIS denied HHFCU's claim. HHFCU then submitted two requests for reconsideration, both of which CUMIS denied. On March 22, 2017, CUMIS denied the claim for the third and final time.

HHFCU brought this lawsuit on April 21, 2017.

## DISCUSSION

I.  Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Id. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

II.     Breach of Contract Claim

CUMIS argues HHFCU has failed plausibly to allege an original instrument was altered as part of the automobile loan frauds and, as a result, HHFCU's breach of contract claim is insufficient as a matter of law.

The Court agrees.

"Under New York law, a breach of contract claim requires proof of (1) an agreement, (2) adequate performance by the plaintiff, (3) breach by the defendant, and (4) damages." Fischer & Mandell LLP v. Citibank, N.A., 632 F.3d 793, 799 (2d Cir. 2011).

"[A] court should not read a contract so as to render any term, phrase, or provision meaningless or superfluous." Givati v. Air Techniques, Inc., 104 A.D.3d 644, 645 (2d Dep't 2013). Moreover, under New York law "evidence of industry practice may not be used to vary the terms of a contract that clearly sets forth the rights and obligations of the parties." Croce v. Kurnit, 737 F.2d 229, 238 (2d Cir. 1984).

Here, HHFCU admits it received only photocopies or electronic versions of the falsified titles, consistent with "[t]he custom and practice in the financial industry." (Am. Compl. ¶ 24). However, the bond defines "instrument" as an "original" document. (Def.'s Br. Ex. A at 49).

To reconcile this apparent conflict, HHFCU alleges "[u]pon information and belief, the Loan Fraud members altered original DMV instruments in order to procure the loans." (Am. Compl. ¶ 107; see also id. ¶¶ 31, 50, 69).

However, this allegation is not supported by any facts alleged in the complaint and it is inconsistent with common sense. As a result, HHFCU's claim that originals were altered is implausible on its face.

In particular, the amended complaint is devoid of any allegations suggesting how the individuals involved in the automobile loan frauds would have obtained the original DMV titles, and there is no alleged connection between the fraudsters and the actual owners of the automobiles in question. In addition, there is no suggestion that CUMIS has the supposedly altered original titles in its possession. Under these circumstances, HHFCU improperly alleged "upon information and belief" that originals were altered. See Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010) ("The Twombly plausibility standard . . . does not prevent a plaintiff from pleading facts alleged 'upon information and belief' where the facts are peculiarly within the possession and control of the defendant . . . or where the belief is based on factual information that makes the inference of culpability plausible.") (internal citations and quotation marks omitted).

Moreover, HHFCU's insistence that certain words in the forgery or alteration provision are undefined or ambiguous is irrelevant. The defect of the amended complaint is that it fails plausibly to allege an "instrument"—as defined by the policy as an "original" document—was altered. Although HHFCU claims several words in the policy are ambiguous, "original" is not one of them.

Finally, the Court rejects HHFCU's argument that it is entitled to discovery "to prove that it was the original instrument that was altered." (Opp'n at 9). "[D]iscovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim." Podany v. Robertson Stephens, Inc., 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004); see also Main Street Legal Services, Inc. v. National Sec. Council, 811 F.3d 542, 567 (2d Cir. 2016).

Accordingly, HHFCU's breach of contract claim is dismissed.

III.     Declaratory Judgment Claim

HHFCU's second cause of action is for a declaratory judgment stating that "HHFCU's Losses are covered under the Bond" and "that CUMIS is obligated to provide coverage to HHFCU under . . . the Bond's 'Forgery Or Alteration' provision for the full amount of" HHFCU's losses. (Am. Compl. at p. 21).

HHFCU alleges it is entitled to such a declaratory judgment because (i) "[m]any of the terms and phrases contained in the Bond . . . are vague and ambiguous;" (ii) "HHFCU intended the coverage and was led to believe that the 'Forgery Or Alteration' provision covered . . . the alteration of an instrument, received by [HHFCU] in the form customarily relied upon in the regular course of business;" and (iii) "[u]pon information and belief, the Loan Fraud Ring members altered original and genuine DMV instruments." (Am. Compl. ¶¶ 116-18).

HHFCU's declaratory judgment claim fails largely for the same reasons its breach of contract claim fails. In particular, (i) any ambiguity in the contract does not affect the dispute here, because HHFCU does not allege the word "original" is ambiguous; (ii) it is not plausible that HHFCU would have understood the word "original" to mean "photocopy;" and (iii) it is not plausible that the original documents were altered.

Accordingly, HHFCU's declaratory judgment claim is dismissed.

IV.     Negligence Claim

CUMIS argues HHFCU's negligence claim also must be dismissed.

The Court disagrees.

Under New York law the elements of a negligence claim are: "(i) a duty owed to the plaintiff by the defendant; (ii) breach of that duty; and (iii) injury substantially caused by that breach." Lombard v. Booz-Allen & Hamilton, Inc., 280 F.3d 209, 215 (2d Cir. 2002).

The general rule is that an insurance company and its agents "have no continuing duty to advise, guide or direct a client to obtain additional coverage." Murphy v. Kuhn, 90 N.Y.2d 266, 270 (1997). Rather, their duty is limited to "obtain[ing the] requested coverage for their clients within a reasonable time." Id.

However, "[w]here a special relationship develops between the broker and client . . . the broker may be liable, even in the absence of a specific request, for failing to advise or direct the client to obtain additional coverage." Voss v. Netherlands Ins. Co., 22 N.Y.3d 728, 735 (2014).

The New York Court of Appeals has identified:

> three exceptional situations that may give rise to a special relationship, thereby creating an additional duty of advisement: (1) the agent receives compensation for consultation apart from payment of the premiums; (2) there was some interaction regarding a question of coverage, with the insured relying on the expertise of the agent; or (3) <u>there is a course of dealing over an extended period of time which would have put objectively reasonable insurance agents on notice that their advice was being sought and specially relied on</u>.

Voss v. Netherlands Ins. Co., 22 N.Y.3d at 735 (internal quotation marks omitted) (emphasis added).

Here, HHFCU alleges it and CUMIS had a multi-faceted, decades-spanning business relationship. It alleges "[d]uring this exclusive and extensive relationship, HHFCU relied on CUMIS to provide [HHFCU] with the insurance guidance, risk analysis, and coverage recommendations that [HHFCU] needs to be successful in its operations." (Am. Compl. ¶ 124). HHFCU further alleges, among other things, that over the course of this relationship, HHFCU "engaged in periodic risk assessment meetings with [CUMIS] and utilized CUMIS' exclusive risk management services to avoid . . . emerging and ever-changing risks" (Am. Compl. ¶ 133), including risks associated with the "use of technology, including the alteration . . . and the production of digital/electronic and photographic versions of" documents. (Id. ¶ 132). Yet,

7

according to HHFCU, CUMIS "failed to offer [HHFCU] a product to cover losses stemming from" the type of fraud of which it was a victim. (Id. ¶ 149).

Finally, the Court notes, as the <u>Voss</u> Court did, "that special relationships in the insurance brokerage context are the exception, not the norm" and it "emphasize[s] that it remains to be determined whether a special relationship existed here." 22 N.Y.3d at 736. Nevertheless, the Court concludes, at this early stage of the case, HHFCU has plausibly alleged that a special relationship as contemplated in <u>Voss</u> may exist between HHFCU and CUMIS.

Accordingly, the Court declines to dismiss HHFCU's negligence claim at this time.

## CONCLUSION

CUMIS's motion to dismiss the amended complaint is GRANTED as to the breach of contract and declaratory judgment claims and DENIED as to the negligence claim.

The Clerk is instructed to terminate the motion. (Doc. #16).

Dated: January 22, 2018
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge